IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARRELL SMEDLEY, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:09CV902-MHT |
| CITY OF OZARK, | ) |
| Defendant. | ) |

**ORDER and AMENDED RECOMMENDATION OF THE MAGISTRATE JUDGE**

The day before this court issued its recommendation in the present case, the Eleventh Circuit decided the case of Randall v. Scott, ___ F.3d ____, 2010 WL 2595585 (11th Cir. June 30, 2010). In view of Randall, the court has amended its recommendation as set out below. Accordingly, it is

ORDERED that the RECOMMENDATION of the Magistrate Judge entered on July 1, 2010 is VACATED.

Plaintiff Darrell Smedley, proceeding *pro se,* brings this complaint against the City of Ozark,[1] alleging that the City is liable to him pursuant to 42 U.S.C. § 1983 and the due process clause of the Fifth and Fourteenth Amendments, on the basis of the actions of one of its police officers, Officer Johnny Walker. Plaintiff alleges that Officer Walker charged him with DUI and violating the open container law in August 2003, and that plaintiff was acquitted of the charge on June 25, 2009 due to Officer Walker's failure to appear for court. Although it is difficult to discern the precise nature of plaintiff's claim, it appears to arise

---

[1] In addition to this case, plaintiff presently has three other civil actions against the City of Ozark and/or its police officers pending in this court. See Civil Action Nos. 1:09CV1061-MEF, 1:10CV 301-MEF, and 1:10CV510-MEF.

from the actions of Officer Walker in failing, upon plaintiff's acquittal, to take action to reinstate plaintiff's driver's license. In his "Statement of the Case," plaintiff alleges:

> On the 18 Sept. 03 Officer Johnny Walker charge Appellant Smedley with D.U.I open container. On the 25 June 09 Officer Johnny Walker main actor, fail to report Appellant Li[]cense su[s]pended for a period of six years and counting. Appellant Smedley was acquitted of all charges on 25 June 09. The Appellee have not made an[] effort to correct his mistake by retur[n]ing Appellant Smedley['s] li[]cense. This unjust act use to keep appellant Smedley from com[]ing up, prog[r]essing in life. Appellant Smedley is having to walk from A to B due to local gov. actors, unjust action[.] Local government actors think this is funny. Appellant Smedley cannot get a job his car[e]er is correctional officer and security guard, cannot patrol assign[ed] area, on [vehicle] li[]cense is one of the requir[e]ment[s]. The gover[n]ment actor stated "I was not com[m]ing up in this town," violating Title 11 of the Code Alabama Amend. Fal[s]e report 13A[-]10-9.

(Amended Complaint, p. 7). Plaintiff further alleges, "This case sprang from the main actor Officer Johnny Walker fail to uphold his duties on the 25 June 09 Fail to report to prevent the commission of the offense he fail to make an[d] effort he is le[g]ally required." (Id., p. 10).[2]

---

[2] Because of this allegation, which clearly indicates that this action arises from Officer Walker's actions on June 25, 2009, the court does not construe plaintiff's complaint to allege that Officer Walker knowingly levied false charges against the plaintiff in the first instance. The complaint appears to allege that the false report was, instead, the officer's statement that plaintiff "was not com[]ing up in this town," (see Complaint, p. 7)("The gover[n]ment actor stated 'I was not com[]ing up in this town,' violating Title II of the Code Alabama Amend. Fal[s]e Report 13A10-9") or, perhaps, the officer's failure to report for trial, which resulted in a failure of the government's burden of proof (see id. at p. 9)("On the 25 June 09 Officer Johnny . . . fail to report having a legal duty to prevent the commission of the offense he fail to make an[] effort he is legally required. Officer Johnny [alleged] the plaintiff was D.U.I and open container show no burden of proof, or probability or probable cause to take action, indicating a false report, knowingly make a false report to law authority."). To the extent plaintiff intended to allege a separate claim based on a false report by Officer Walker, he was obliged to identify the factual basis for such a claim sufficiently to "raise a right to relief above the speculative level[,]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and he has not done so. See id. ("'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'")(quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 234-36 (3d ed. 2004); Fed. R. Civ. P. 8(a). Although the court must construe plaintiff's *pro se* allegations liberally, "the court is not permitted to serve as a 'de

This action is presently before the court on the City's motion to dismiss and plaintiff's responses to the motion.[3]  Defendant first makes a two-sentence argument – without analysis or citation to authority – that this court lacks jurisdiction over this dispute because "[n]o allegations are made that would cause this court to have jurisdiction of the dispute, that is to say, there is no allegation of a violation of a Federally protected right."  (Doc. # 19, p. 1). However, plaintiff repeatedly refers to 42 U.S.C. § 1983, and he clearly contends that Officer Walker's actions violated his rights under the due process clause. (See *e.g.*, Complaint, p. 10)("Officer Johnny . . . had made no effort to correct or give . . . Smedley['s] lic[]ense back or reinstate Smedley['s] license. . . . Pur[s]uant to the due process clause of the Fifth and Fourteen[th] Amendment[s] to the Constitution[,] . . .[it is] clear that production of evidence favorable or arguable to the accuse[d] is nec[]essary and failure to produce violate[s] the due process standard[.]").

> When a party claims a right that arises under the laws of the United States, a federal court has jurisdiction over the controversy. . . . Dismissal for want of subject matter jurisdiction is inappropriate in such an instance unless the federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."

M.H.D. v. Westminster Schools, 172 F.3d 797, 802 n. 12 (11th Cir. 1999)(quoting Bell v.

---

facto counsel' and 'rewrite an otherwise deficient pleading in order to sustain an action." Gonzalez v. Asset Acceptance, LLC, 308 Fed. Appx. 429, 430 (11th Cir. 2009)(citation omitted).

[3] The court allowed plaintiff until March 23, 2010 to respond to the motion to dismiss.  (See Doc. # 20). Plaintiff filed two timely responses (Docs. ## 21, 22), which the court has considered. The court has not considered the response which plaintiff filed after the deadline (Doc. # 24). The Exhibits filed at Doc # 23 appear to have been filed in this case erroneously, as they pertain to the June 15, 2009 arrest giving rise to plaintiff's other pending cases.  The court has not considered the exhibits in resolving the present motion to dismiss.

Hood, 327 U.S. 678, 681-82 (1946)). Defendant does not suggest that plaintiff's allegations that it violated plaintiff's constitutional due process rights were made solely to obtain jurisdiction, nor does it argue that the claim is "wholly insubstantial and frivolous." The court concludes that plaintiff's claim is not so insubstantial as to deprive this court of jurisdiction. Defendant's subject matter jurisdiction argument is, therefore, without merit.[4]

Defendant's arguments that plaintiff cannot maintain a § 1983 in the absence of an individual named as a defendant (again made without citation to authority), and that a heightened pleading standard applies to plaintiff's § 1983 claim because qualified immunity is at issue, also are without merit (Doc. # 19, pp. 3-4). Even under the law applicable when defendant filed its brief, the heightened pleading standard did not apply to claims against municipal defendants. The Eleventh Circuit has now held, in Randall v. Scott, ___ F.3d ___, 2010 WL 2595585 (11th Cir. Jun. 30, 2010), that the heightened pleading standard is no longer applicable even to individual defendants who are entitled to assert a qualified immunity defense. Additionally, "under Monell [v. Department of Social Services of the City of New York, 436 U.S. 658 (1978)], local government units can be sued directly for damages and injunctive or declaratory relief." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985). The City's liability does not depend on the presence of an additional, individually-named defendant.

The City's remaining argument is that plaintiff has failed to state a claim upon which

---

[4] Whether plaintiff states a claim under Rule 12(b)(6) is a separate question, which the court addresses below.

relief may be granted. Although the argument is devoid of citation to relevant case law, the court agrees that plaintiff has failed to state a claim. To state a claim for a substantive due process violation, the right alleged to have been infringed must be "fundamental." McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994). "A finding that a right merits substantive due process protection means that the right is protected against certain government actions regardless of the fairness of the procedures used to implement them." Id. (internal quotation marks and citations omitted). The right to hold a driver's license is created and governed by state law. "Areas in which substantive rights are created only by state law . . . are not subject to substantive due process protection under the Due Process Clause because substantive due process rights are created only by the Constitution." Id. (internal quotation marks and citations omitted). Plaintiff has not alleged the violation of a fundamental right sufficiently to implicate substantive due process.

Additionally, "[i]n order to establish a procedural due process violation under 42 U.S.C. § 1983, a plaintiff must show: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." Lowery v. Strength, 356 Fed. Appx. 332 (11th Cir. 2009)(internal quotation marks and citations omitted). Plaintiff complains that his driver's license has not been reinstated, despite his acquittal. He attributes his present lack of a driver's license to Officer Walker's failure to take action to reinstate plaintiff's license. However, under Alabama law, the authority to reinstate a suspended driver's license resides in the Director of Public Safety. See Ala. Code § 32-5A-195. Additionally, where a suspension or revocation is not mandatory under state

law, the statute provides for a hearing upon timely request by the driver. Id. Further, the statute allows a driver whose license has been suspended or revoked to apply for reinstatement of the driver's license. See Ala. Code § 32-6-17; Ala. Admin Code, § 760-X-1-.02.

Even assuming that plaintiff has alleged the deprivation of a constitutionally protected liberty or property interest, he has failed to allege that the process provided by the state for reinstatement of a suspended driver's license is constitutionally inadequate. "A procedural due process violation is not complete 'unless and until the State fails to provide due process.'" McKinney, 20 F.3d at 1557 (citation omitted). Accordingly, plaintiff has failed to state a procedural due process claim.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that defendant's motion to dismiss be GRANTED, and that this action be DISMISSED with prejudice[5] pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before July 15, 2010. Any objections filed

---

[5] It appears from plaintiff's pleadings that plaintiff has not yet sought to avail himself of the process provided by the State. Because the present defendant does not have the authority under state law to reinstate plaintiff's driver's license, the deficiency in plaintiff's complaint cannot be cured by amendment. Thus, dismissal with prejudice is appropriate.

must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 2nd day of July, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE